IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE ISRAEL LEON,

              Plaintiff,

   v.

THE UNITED STATES, DEPARTMENT
OF DEFENSE, DEPARTMENT OF
JUSTICE, THE CENTRAL
INTELLIGENCE AGENCY
HEADQUARTERS, THE UNITED
STATES ARMED FORCES OF
WISCONSIN/THE PENTAGON
HEADQUARTERS, THE UNITED
STATES DEPARMTENT OF JUSTICE OF
WISCONSIN, UNITED STATES
MARSHAL SERVICE/UNITED STATES
MARSHAL SERVICE HEADQUARTERS,
SPECIAL OPERATIONS
BUREAU/WISCONSIN – SOCO
HEADQUARTERS, VICTIM/WITNESS –
U.S. MARSHALS SERVICE WITNESS
SECURITY PROGRAM – DEPARTMENT
OF JUSTICE, THE MENASHA POLICE
DEPARTMENT, WINNEBAGO
COUNTY SHERIFFF'S DEPARTMENT,
WINNEBAGO COUNTY OF
WISCONSIN and THE STATE OF
WISCONSIN,

              Defendants.

OPINION AND ORDER

Case No. 22-cv-112-wmc

---

     *Pro se* plaintiff Jose Israel Leon filed this lawsuit claiming that defendants, numerous

federal and Wisconsin state agencies, the State of Wisconsin, Winnebago County and

multiple sheriff's departments, have been conspiring to subject him to "extreme warfare

tortures" since 2018 through various surveillance tactics involving the use of technology

and numerous co-conspirators such as the "Hollywood elite."  Since Leon is seeking leave to proceed *in forma pauperis*, the court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who by law cannot be sued for money damages.  Even construing Leon's complaint generously in his favor, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), it appears that his claims must be dismissed, but before dismissing this case the court will give him one opportunity to provide allegations to support his claims and identify a proper defendant.

OPINION

A *pro se* complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in fact when plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).  A complaint is also subject to dismissal if it does not comply with Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief that is sufficient to provide the defendant with fair notice of the claim and its basis."  *Ray v. City of Chi.*, 629 F.3d 660, 662 (7th Cir. 2018) (citations omitted).  Additionally, the complaint must contain enough allegations of fact to support a claim under federal law.  *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

2

Here, plaintiff's complaint is both frivolous and fails to satisfy Rule 8.  Beyond failing to ground his vague accusations about a massive conspiracy to torture him through surveillance in *any* facts whatsoever, the court cannot actually discern the harm plaintiff believes to have suffered as a result of this perceived conspiracy.  Moreover, plaintiff does not actually identify any individual or individuals directly responsible for the wrongdoing he allegedly suffered that may be subject to suit.  The court infers plaintiff to be seeking to proceed in this lawsuit under 42 U.S.C. § 1983 for perceived constitutional violations.  Yet to state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).  Therefore, beyond appearing to be frivolous due to the outlandish and far-reaching nature of his claim, plaintiff's complaint is subject to dismissal because he has not identified an individual subject to suit under § 1983.

However, out of deference to plaintiff's *pro se* status, before dismissing this lawsuit, the court will give plaintiff the opportunity to amend his complaint to include more specific information about exactly what harm he has suffered as a result of the alleged surveillance.  Most importantly, plaintiff must include factual allegations related to these this claim and name a proper defendant, in other words, the individual or individuals responsible for any constitutional violations.  If he does not know the identity of the individual or individuals involved in the relevant events, he may name John or Jane Doe defendants at this time

and, if allowed to proceed with his claim, the court will provide him with instructions on how to identify this defendant or defendants.

If plaintiff submits a proposed amended complaint by the deadline set forth below, the court will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). In preparing his amended complaint, plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation.  Most importantly, plaintiff should explain:  (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events.  Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements.  After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case.  If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1. Plaintiff Jose Israel Leon's complaint is DISMISSED WITHOUT PREJUDICE for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff has until **April 27, 2022**, to file an amended complaint that addresses the deficiencies described above.  **Plaintiff's failure to meet this deadline will**

**cause the court to dismiss this case with prejudice for failure to prosecute,**

**pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 13th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge