IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE ISRAEL LEON,

                Plaintiff,

    v.

THE UNITED STATES, DEPARTMENT
OF DEFENSE, DEPARTMENT OF
JUSTICE, THE CENTRAL
INTELLIGENCE AGENCY
HEADQUARTERS, THE UNITED
STATES ARMED FORCES OF
WISCONSIN/THE PENTAGON
HEADQUARTERS, THE UNITED
STATES DEPARTMENT OF JUSTICE OF
WISCONSIN, UNITED STATES
MARSHAL SERVICE/UNITED STATES
MARSHAL SERVICE HEADQUARTERS,
SPECIAL OPERATIONS
BUREAU/WISCONSIN – SOCO
HEADQUARTERS, VICTIM/WITNESS –
U.S. MARSHALS SERVICE WITNESS
SECURITY PROGRAM – DEPARTMENT
OF JUSTICE, THE MENASHA POLICE
DEPARTMENT, WINNEBAGO
COUNTY SHERIFFF'S DEPARTMENT,
WINNEBAGO COUNTY OF
WISCONSIN and THE STATE OF
WISCONSIN,

                Defendants.

OPINION AND ORDER

Case No. 22-cv-112-wmc

---

    *Pro se* plaintiff Jose Israel Leon filed this lawsuit claiming that defendants, numerous

federal and Wisconsin state agencies, the State of Wisconsin, Winnebago County and

multiple sheriff's departments, have been conspiring to subject him to "extreme warfare

tortures" since 2018 through various surveillance tactics involving the use of technology

and numerous co-conspirators such as the "Hollywood elite."  On April 13, 2022, the court

dismissed Leon's complaint without prejudice, since his few allegations appeared frivolous, giving him two weeks to file an amended complaint that specified his claims, the underlying allegations and named a proper defendant.  (Dkt. #5.)

Rather than submitting a proposed amended complaint as directed by the court, Leon has filed a notice of appeal to the court of appeals from that April 13, 2022, order. However, that order is not a final order, and a party may appeal a non-final decision in only rare situations.  Under 28 U.S.C. § 1292:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This court's April 13 order involves "no apparent controlling question of law as to which there is substantial ground for difference of opinion," nor has Leon argued or shown otherwise.  Rather, the court's order dismissed his original complaint because it appeared frivolous and lacked allegations sufficient to state a claim.  Yet the dismissal was without prejudice to Leon's ability to file an amended complaint that specified the nature of his federal claims, the proper defendants and the facts underlying his claims.  Therefore, the court must deny Leon leave to take an interlocutory appeal pursuant to § 1292(b).

Even so, Leon's notice of interlocutory appeal has triggered certain obligations. Whether or not his appeal is dismissed, the Seventh Circuit directs that an appellate docketing fee ($505) is due immediately upon the filing of a notice of appeal.  *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997).  While Leon's previous submissions in this case confirm that he is indigent and, therefore, eligible to proceed *in forma pauperis,* the

court must also find that the appeal is taken in good faith for purposes of Federal Rule of Appellate Procedure 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith."). Since Leon has failed to articulate a good faith basis to appeal from this otherwise *unappealable*, non-final order, the court will certify that his appeal is *not* taken in good faith. Accordingly, Leon will not be granted leave to proceed *in forma pauperis* on appeal.

Moreover, given that this court has denied certification of the appeal, Leon cannot proceed with his appeal without prepaying the $505 filing fee *unless* the court of appeals gives his permission to do so. Pursuant to Federal Rule of Appellate Procedure 24(a)(4) and (5), Leon has 30 days from the date of this order in which to file a motion in the court of appeals to review this denial of leave to proceed *in forma pauperis* on appeal, should he wish to do so. Along with his motion, Leon must include an affidavit as described in Federal Rule of Appellate Procedure 24(a)(1), along with a statement of issues he intends to argue on appeal. Leon must also send along a copy of this order.

To be clear, Leon must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis*. Instead, it may require Leon to pay the entire $505 filing fee before it considers his appeal. If he does not pay the fee within the 30-day deadline set forth above, it is also possible that the court of appeals will dismiss the appeal. Indeed, given that he appears to be attempting to appeal from a non-appealable, pre-judgment order, dismissal of his appeal is likely in any event.

Alternatively, Leon may seek leave to withdraw his appeal and submit a proposed amended complaint for this court's review under 28 U.S.C. § 1915(e)(2). If Leon takes this approach and files a proposed amended complaint in this court within three weeks, the court will excuse his failure to file an amended complaint by the deadline previously set by the court.

ORDER

IT IS ORDERED that:

1. Plaintiff Jose Israel Leon's request for leave to take an interlocutory appeal is DENIED.

2. The court CERTIFIES that Leon's appeal is not taken in good faith for purposes of Federal Rule of Appellate Procedure 24(a)(3) and DENIES Leon leave to proceed *in forma pauperis* on appeal in this case.

3. Although this court has certified that Leon's appeal is not taken in good faith under Federal Rule of Appellate Procedure 24(a)(3), Leon is advised that he may challenge this finding pursuant to Federal Rule of Appellate Procedure 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, **within thirty (30) days of the date of this order**. With that motion, he must include an affidavit as described in the first paragraph of Federal Rule of Appellate Procedure 24(a), along with (1) a statement of issues he intends to argue on appeal and (2) a copy of this order.

4. If plaintiff opts to withdraw his appeal, plaintiff has until **June 22, 2022**, to file an amended complaint in this court, for the court's review as required by 28 U.S.C. § 1915(e)(2). If plaintiff fails to file an amended complaint by that date, the court will dismiss this case without prejudice.

Entered this 1st day of June, 2022.

BY THE COURT:
s/
WILLIAM M. CONLEY
District Judge

4